

## OFFICE OF THE ATTORNEY GENERAL OF TEXAS
### AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Albert J. Hutson
County Attorney
Trinity County
Groveton, Texas

Dear Sir:

Opinion No. O-3959
Re: Can the Commissioners' Court
of Trinity County purchase
U. S. Defense Bonds with the
permanent school fund of the
county?

Your recent request for an opinion of this Department upon the above stated question has been received.

We quote from your letter as follows:

"Are there legal inhibitions to prevent the Commissioners' Court of Trinity County to purchase U. S. Defense Bonds with the Permanent School Fund of the County?

"Since the interest on U. S. Defense Bonds cannot be collected annually, it is my opinion that the last clause in Art. 2824, R.C.S., which reads as follows, '. . . only the interest thereon to be used and expended annually', may prohibit the court from purchasing these bonds."

The permanent school fund is provided for in Sections 2 and 6 of Article VIII of the Constitution of Texas. Section 2, Article VIII, reads as follows:

Honorable Albert J. Hutson, page 2

"All funds, lands and other property heretofore
set apart and appropriated for the support of public
schools; all the alternate sections of land reserved by
the State out of grants heretofore made or that may
hereafter be made to railroads or to other corporations
of any nature whatsoever; one-half of the public domain
of the State; and all sums of money that may come to the
State from the sale of any portion of the same, shall
constitute a perpetual public school fund."

Section 6 of Article VIII reads in part as follows:

"All lands heretofore, or hereafter granted to the
several counties of this State for educational purposes,
are of right the property of said counties respectively,
to which they were granted, and title thereto is vested
in said counties, and no adverse possession or limitation
shall ever be available against the title of any county.
Each county may sell or dispose of its lands in whole
or in part, in manner to be provided by the commissioners'
court of the county. . . said lands, and the proceeds
thereof, when sold, shall be held by said counties alone
as a trust for the benefit of public schools therein;
said proceeds to be invested in bonds of the United States,
the State of Texas, or counties in said State, or in such
other securities, and under such restrictions as may be
prescribed by law; and the county shall be responsible
for all investments; the interest thereon, and other
revenue, except the principal shall be available funds."

We think the language of Section 6, Article VIII,
is plain and unambiguous. It says that the proceeds from the
sale of school lands, which is permanent school fund money,
are "to be invested in bonds of the United States, . . . under
such restrictions as may be prescribed by law."

That language clearly means that a county may invest
its permanent school fund in bonds of the United States, unless
(as stated in the case of Boydstun v. Rockwall County, 24 S. W. 272)
the Legislature has thrown restrictions around the investment.
The only language that we can find in the statutes wherein the
Legislature has said how and where this money shall be invested
is Article 2824, Vernon's Annotated Civil Statutes, which reads
as follows:

712

"Each county may sell or dispose of lands granted to it for educational purposes in such manner as may be provided by the commissioners' court of such county, and the proceeds of any such sale shall be invested in bonds of the United States, the State of Texas, the bonds of counties of the State, and the independent or common school districts, road precincts, drainage, irrigation, navigation and levee districts in this State and the bonds of incorporated cities, and held by such county alone as trusts for the benefit of public free schools therein, only the interest thereon to be used and expended annually."

This section reiterates that this money shall be invested in certain bonds, including bonds of the United States. We do not think that this is any restriction or limitation as to what United States bonds may be bought. We do not think that the last clause of Article 2824, supra, mentioned in your letter, is any limitation or restriction as to the type of United States bonds that may be bought. Apparently it was the intention of the Legislature that the permanent school fund, itself, could not be expended, but only interest thereon could be used and expended. Therefore, it is our opinion that the commissioners' court may in its discretion, legally purchase U. S. Defense Bonds with the permanent school fund of the county.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Ardell Williams*

Ardell Williams
Assistant

AW:AMM

APPROVED SEP 23, 1941

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY *Bowr*
CHAIRMAN